Joel P. Kelly (SBN 100716)
KellyJ@jacksonlewis.com
Jessica C. Gregg (SBN 276543)
Jessica.Gregg@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
DARLING INGREDIENTS INC.

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME FRANCO, an individual;<br><br>                Plaintiff,<br><br>        vs.<br><br>DARLING INGREDIENTS INC.; and DOES 1 to 100, Inclusive;<br><br>                Defendants. | **CASE NO.: 2:16-cv-8348 RSWL (JCx)**<br><br>Hon. Ronald S. W. Lew<br><br>**DEFENDANT DARLING INGREDIENTS INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**[F.R.C.P. Rule 56]**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Statement of Uncontroverted Material Facts; Declarations of Joel P. Kelly, Tom Nunley, Todd Brown and Michael Giachino; Compendium of Evidence; [Proposed] Order; and [Proposed] Judgment]<br><br>Date:          September 26, 2017<br>Time:          10:00 a.m.<br>Courtroom:   TBD<br>Judge:         Ronald W. Lew<br>Complaint filed:  October 6, 2016 |

TO PLAINTIFF JAIME FRANCO AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on, September 26, 2017 at 10:00 a.m., or soon thereafter as the matter may be heard, in Courtroom TBD of the above court, located at, 350 West First Street, Los Angeles, California  90012, Defendant Darling Ingredients Inc.

Case No:  2:16-cv-8348 RSWL (JCx)          1          DEFENDANT DARLING INGREDIENTS INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

("Defendant" or "Darling") will move and does hereby move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment or, in the alternative, for partial summary judgment of those issues for which there is no controverted material fact, pursuant to Rule 56(b), (c), and (d) of the Federal Rules of Civil Procedure, as to the claims by Plaintiff against Darling in favor of Defendant against Plaintiff Jaime Franco ("Plaintiff" of "Franco") on Franco's claims for (1) disability discrimination, (2) failure to engage in the interactive process; (3) failure to provide an accommodation; (4) wrongful termination, (5) retaliation; (6) intentional infliction of emotional distress; and (7) disability-based harassment; and (8) Franco's prayer for punitive damages. Darling bases its motion on the grounds that the pleadings, depositions, declarations, and other supporting evidence show that there is no genuine issue as to any material fact as to any claim asserted by Franco, and that Darling is entitled to judgment in its favor as a matter of law as follows:

## FIRST CLAIM

### Disability Discrimination in Violation of the California Fair Employment and Housing Act

### (Cal. Govt. Code § 12940(a))

1.      Franco's First Claim for Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA") lacks merit because Franco never informed Darling he was disabled and he was never restricted in any way in his ability to perform the essential functions of his job.  In addition to his inability to show he was disabled, Franco's discrimination claim fails because he cannot establish any adverse action "because of" his disability, as undisputed evidence shows that Franco was not discharged. Fed R. Civ. P. 56, Gov Code §12940 et seq.; Cal Gov. Code §12926(k)(1)(B); *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864 (Darling's Statement of Uncontroverted Facts and Conclusions of Law ("UFC") 49, 52-53)

///

## SECOND CLAIM

**Failure to Engage in the Interactive Process in Violation of the California Fair Employment and Housing Act**

**(Cal. Govt. Code § 12940)**

Plaintiff's Second Claim for Failure to Engage in the Interactive Process in Violation of FEHA lacks merit because Franco never told anyone at Darling that he had a disability, never requested any job modification or other accommodation and was never denied any accommodation. Franco never exhibited any medical problems while employed at Darling until the day he complained about splashing dirty water in his eye. Franco thwarted Darlings efforts to engage with Franco about possible work restrictions by steadfastly and unequivocally refusing to complete necessary paperwork about his purported injuries. *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).; *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215; *King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426; *Prillman v. United Airlines, Inc.*, (1997) 53 Cal. App. 4th 935. (UFC 13-18, 29, 36, 39-44, 47, 50-52, 56, 57).

## THIRD CLAIM

**Failure to accommodate a disability in violation of FEHA**

**(Cal. Gov't Code § 12940)**

1.      Plaintiff's Third Claim for Failure to Accommodate a disability in violation of FEHA fails because Franco never notified Darling of a disability, nor did he ask for any accommodation. Further, Franco thwarted Darlings efforts to engage with Franco about possible work restrictions by steadfastly and unequivocally refusing to complete necessary paperwork about his purported injuries. *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).; *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215; *King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426; *Prillman v. United Airlines, Inc.*, (1997) 53 Cal. App. 4th 935. (UFC 13-18, 29, 36, 39-44, 47, 50-52, 56, 57).

///

///

Case No:  2:16-cv-8348 RSWL (JCx)          3          DEFENDANT DARLING INGREDIENTS INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## FOURTH CLAIM

### Wrongful Employment Termination

### (Cal. Gov't Code § 12940)

Plaintiff's Fourth Claim for Wrongful Termination is based entirely on his underlying FEHA claims and the claim is meritless for the same reasons as his claim for discrimination in violation of the FEHA.  Moreover, Franco admits he was not terminated from Darling. Fed. R. Civ. P. 56, Gov. Code § 12940, et. seq.; *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172 (1980). *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1256-57 (1994); *Sanders v. Arneson Prods.,* 91 F.3d 1351 (9th Cir. 1996); *Sequoia Insurance v. Superior Ct.*, 13 Cal.App.4th 1472 (1993); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718(1994); *Martin, supra*, 29 Cal.App.4th at 1730-31. (UFC 49, 52-53)

## FIFTH CLAIM

### Retaliation

### (Cal. Gov't Code § 12940(h))

2.  Plaintiff's Fifth Claim for Retaliation is meritless because Franco never told anyone at Darling about a disability, never requested any accommodation for any disability and never was denied any accommodation.  Further, Franco admits he was not terminated from Darling and therefore suffered no adverse action. Fed. R. Civ. P. 56; *Morgan v. Regents of University of Cal*. (2000) 88 Cal.App.4th 52. (UFC 13-18, 29, 36, 39-44, 47-48, 50-52, 56, 57).

## SIXTH CLAIM

### Intentional Infliction of Emotional Distress

Plaintiff's Sixth Claim for Intentional Infliction of Emotional Distress lacks merit because Franco cannot show any issue for trial on his FEHA claims and his IIED claim therefore is barred (1) by the exclusive remedy of workers compensation; and (2) because Franco cannot establish extreme and outrageous conduct by Darling.  Fed. R. Civ. P. 56; *Molko v. Holy Spirit Assn.*, (1986) 46 Cal.3d 1092; *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009); *Fletcher v. Western Nat. Life Ins. Co.* (1970) 10 Cal.App.3d 376; Lab. Code §§

3601, 3602; *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160; *Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701;; *King v. A.C. & R. Advertising*, 65 F.3d 764, 770 (9th Cir. 1995); *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996); *Schneider v. TRW, Inc.*, 938 F.2d. 986 (9th Cir. 1991). (UFC 19, 21, 22, 28, 32, 34, 37-38, 45, 47, 49-51, 54-55 58).

## SEVENTH CLAIM

### Harassment in Violation of FEHA

### (Cal. Gov't Code § 12940(j))

3.    Plaintiff's Seventh Claim for Disability-based Harassment fails because Franco cannot show he experienced adverse conduct by Darling, because of his disability, that altered the terms and conditions of Franco's employment.  Franco never told anyone at Darling that he suffered any disability, he never asked for an accommodation and he was never denied same. Darling was within its rights to require Franco to submit an incident report and provide medical documentation to show that he could perform essential job functions.  Fed. R. Civ. Proc. 56; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108; *Oncale v. Sundowner Offshore Services, Inc.* (1998) 523 U.S. 75; *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590; *teaga v. Brink's Inc.*, (2008), 163 Cal.App.4th 327   (UFC 14, 17, 29, 43, 52, 56, 57).

## PRAYER FOR PUNITIVE DAMAGES

Plaintiff's prayer for punitive damages is meritless because Franco has no clear and convincing evidence that any officer, director, or managing agent of Darling engaged in malice, fraud or oppression or authorized or ratified such conduct.  Fed. R. Civ. P. 56; Cal. Civ. Code § 3294(a) & (b); *Roby v. McKesson Corp.*, 47 Cal.4th 686, 714 (2009); *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998); *Taylor v. Superior Ct.*, 24 Cal.3d 890, 894-95 (1979); *White v. Ultramar* (1999) 21 Cal.4th 563. (UFC 28, 54-55, 58).

///

///

///

This motion is made following Darling's meet-and-confer efforts pursuant to L.R. 7-3 which took place on July 25, 2017, July 27, 2017, and August 9, 2017. Declaration of Joel Kelly at ¶ 4.

This Motion will be based upon this Notice, the Memorandum of Points and Authorities submitted with this Notice, the Separate Statement of Uncontroverted Material Facts and Conclusions of Law, the declarations, Joel Kelly, Todd Brown, Tom Nunley, and Michael Giachino and the evidence attached thereto, including the deposition testimony of Plaintiff, Jaime Franco, the complete files and records in this action, and upon such other oral or documentary evidence that may be presented to the Court.

Respectfully submitted,

Dated:  August 29, 2017                    JACKSON LEWIS P.C.s


By:   /s/ Joel P. Kelly
              Joel P. Kelly
              Jessica C. Gregg

Attorneys for Defendant
DARLING INGREDIENTS INC.

4847-4066-0046, v. 1